IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| TRAVIS DEMOYNE BROWN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-787-D (BH) |
| | ) | |
| DR. NEIL SPRING, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* case was been automatically referred for judicial screening. Before the Court is the plaintiff's post-judgment *Application to Proceed In District Court Without Prepaying Fees or Costs,* filed May 4, 2017 (doc. 8). Requests to proceed *in forma pauperis* are also automatically referred under *Amended Miscellaneous Order No. 6* (adopted by *Special Order No. 2-59* on May 5, 2005). Based on the relevant filings and applicable law, the application should be liberally construed as motion to reopen this closed case under Fed. R. Civ. P. 60(b), and it should be **DENIED**.

**I. BACKGROUND**

The plaintiff initially filed this action against the defendants on March 20, 2017. (*See* doc. 3.) He sues three doctors for allegedly conspiring to violate and violating his constitutional rights. (*See* doc. 3 at 2-3.)[1] He claims that government fraud has caused a complete paralysis of his brain and nervous system, and that the doctors have engaged in organized crime by implanting medical devices that are cameras in his eye and knee, and by implanting a "voicepad for recognition to the government for classified use" in his throat." (*Id.* at 6-7.) He also alleges "kidnap murder and rape," and that he has "spent 44 years under a serious handicapp [sic] facing genocide." (*Id.* at 6.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

By *Notice of Deficiency and Order* dated March 21, 2017, the plaintiff was notified that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) Attached to the order was a copy of a form IFP application. *See id.* The order specifically advised the plaintiff that he must either pay the filing fee or file his IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* More than fourteen days from the date of the order passed, but the plaintiff did not pay the filing fee, file an IFP application, or file anything else. On April 10, 2017, it was recommended that the case be dismissed for failure to prosecute or follow court orders, the recommendation was accepted, and the case was dismissed by judgment dated April 20, 2017. (*See* docs. 5-7.) On May 4, 2017, the plaintiff filed his IFP motion. (*See* doc. 8.)

## II. RULE 60(b)

The plaintiff's IFP application should be liberally construed as an attempt to reopen his case and should be considered under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003) (construing prisoner's motion to reopen § 1983 civil rights action that had been dismissed under Rule 41(b) as arising under Rule 60(b)) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir.1998)).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been

2

reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6).

Here, the plaintiff's IFP motion does not allege mistake, inadvertence, excusable neglect, lack of notice, or any other reason that justifies relief. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

The plaintiff provides no explanation for his failure to timely file his IFP motion. He has not alleged extraordinary circumstances demonstrating that denial of his motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 Fed.

3

App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting the motion be consistent with the considerations listed in *Seven Elves*.

The plaintiff seeks permission to proceed *in forma pauperis*, which would subject his complaint to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

Here, the plaintiff's claims of organized crime, implanted cameras and devices, murder, rape and genocide lack an arguable basis in fact because they are based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir.

4

1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world). Because the action would be subject to dismissal as frivolous, it is not apparent that reopening the case would achieve substantial justice, that the interest in deciding the case on its merits outweighs the interest in the finality of the judgment, or that there is merit in the plaintiff's claims.

### III. RECOMMENDATION

The plaintiff's motion to proceed *in forma pauperis* should be liberally construed as a motion to reopen his case, and it should be **DENIED**.

**SO RECOMMENDED on this 11th day of May, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5